**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-2340

THOMAS WOOD,
Appellant

v.

EIAZUIKS; DPAINT-US; KTHOFCY; XIANYOU DIECHONG TRADING CO., LTD.; HHMEI MY ORDERS LIGHTNING DAY DEALS 2024; HALLOWEEN MASK STORE; ZHUZHOUSHISHIFENGQUXIANGLIANWENHUAYOUXIANGONGSI; HEYUANZHANGMAIFUZHUANG; NIUMIAO563; AMERICAN FLAG; JENNY520; ZEIYIGNR; SMOOCHEY; VIGORHOME; IFTRUE; PINGDINGSHANYINGQIUSHANGMAOYOUXIANGONGSI; DUANYIZHUOSHANGMAO; TENGHAOJIESDAIDHIASHDIASD; XIEJUNJING; TUNCHANGWEIBANGXIANSHANGMAOYOUXIANGONGSI; ZHOUHANG; RERER; CHAUNGERQ; HERRNALISE; GUODONG; CHENQIANRU; RUG SELECTION; LANGCHITIANXIA; JOYPONG DIAMOND; RUIYIXUAN DIAMOND PAINTING; COLORFUL CANVAS PAVILION; DWIGHT DECOR; BIG HOME TEXTILE SELECTION; JINSHENGZUANSHIHUA; DOUBLE BB HOME; CHENYIYAOC; JZLIANG; SC ALUMINUM LABEL; JASON LIVING DECOR HOUSE; HOME SWEET CARPET; SHEHUINIPINGGE; LALADU; MI DOU CARPET; XIHAFAFA; YYDESIGN; I HOME ENJOY LIFE; HANSHE HOME LIFE; RUYI HOME DECORATION PRODUCTS; LL EXIANG; AN ZHEN; DONGCHENSHOPJIT; BEIKA ART POSTER; ONECARD; ZOLIZOART PRINTED

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:25-cv-00800)
U.S. District Judge: Honorable J. Nicholas Ranjan

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 15, 2026

_____

Before: SHWARTZ, MASCOTT, and McKEE, <u>Circuit Judges</u>.

(Filed: May 19, 2026)

_____

OPINION[*]

SHWARTZ, Circuit Judge.

Thomas Wood appeals the order dismissing his complaint based on his failure to comply with provisions of a standing order (the "Standing Order") concerning personal jurisdiction and joinder.  Because the District Court erred in dismissing the complaint, we will vacate and remand.

I

Wood is an artist who paints, copyrights, and sells images of pets and Americana. Wood alleges Defendants—a group of fifty-four foreign individuals, partnerships, and unincorporated entities listed on "Schedule A"—infringed his copyrighted works by offering knockoff versions of his work for purchase in and delivery to Pennsylvania through various online marketplaces, such as Amazon.  Wood alleges that "Defendants have . . . coordinated their efforts in order to create an infringing marketplace in parallel to the legitimate marketplace," including by using and benefitting from similar marketing strategies.  App. 19.

Wood filed a complaint alleging copyright infringement and moved for an ex parte temporary restraining order ("TRO") (1) enjoining Defendants from unauthorized use of

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

his copyrighted works, (2) ordering the online marketplaces to freeze Defendants'
accounts and assets, and (3) ordering expedited discovery.  The District Court denied
Wood's motion.[1]  The Court ordered Wood either to show cause why the action should
not be severed for misjoinder or file an amended complaint bolstering his personal
jurisdiction allegations and curing any joinder issues.  In response, Wood did not address
personal jurisdiction but argued that he sufficiently alleged Defendants coordinated to
infringe his copyrights and that joinder would promote efficiency.

In a text-only order, the District Court dismissed Wood's complaint without
prejudice "to [be] re-filed consistent with the Standing Order."  App. 8.  The Standing
Order provides, among other things, "procedural guidelines,"[2] App. 3, concerning
personal jurisdiction and joinder.  As to personal jurisdiction, it provides:

> [T]o satisfy [Federal] Rule [of Civil Procedure] 11, the
> complaint must plausibly plead allegations of personal
> jurisdiction, including contacts with the forum if specific
> jurisdiction is invoked.  The law is well-settled that simply
> being an online seller on Amazon isn't enough.  And the law is
> also well-settled that [a] plaintiff cannot create personal
> jurisdiction by ordering a product to be shipped to the forum.
> So before the filing of the complaint, the plaintiff must have
> developed some evidence of each defendant's contacts with the
> forum[], including, if necessary, sales information or
> distribution locations.

---

[1] Wood does not challenge the District Court's order denying his TRO motion.

[2] The District Court's Standing Order, captioned "In re: 'Schedule A' Cases," No.
2:25-CV-800, begins by noting that "[t]here has been a noticeable uptick in 'Schedule A'
cases in this District," which may not comport with personal jurisdiction and joinder,
which "has caused the Court to re-examine how it procedurally administers these cases."
App. 1-2.  They are called "Schedule A" cases because plaintiffs append a list of
defendants to the complaint in "Schedule A."

App. 4 (footnotes and emphasis omitted) (the "Personal Jurisdiction Guideline").  As to

joinder, the Standing Order provides:

> [T]o satisfy [Federal] Rule [of Civil Procedure] 20, each
> complaint shall consist of a single defendant or group of
> defendants acting under the same operator, and a separate
> filing fee shall be paid for each separate complaint.  This
> comports with the typical IP case, where an IP holder sues a
> particular infringer for its specific conduct.  If the marks,
> copyrights, or patents at issue are disparate and unrelated, then
> the complaints must be divided to include only related IP.

App. 3 (footnote omitted) (the "Joinder Guideline").  The District Court did not explicitly

address how the complaint fails to comply with the Standing Order.

Wood appeals.

## II[3]

### A

The District Court erred by not assessing whether Wood sufficiently alleged that

Defendants purposefully availed themselves of the forum state and thus whether it is

proper to exercise personal jurisdiction over Defendants.

"[A] District Court typically exercises personal jurisdiction according to the law of

the state where it sits," O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 316 (3d Cir.

2007), which in this case is Pennsylvania.  Pennsylvania's long-arm statute "provides for

jurisdiction 'based on the most minimum contact with th[e] Commonwealth allowed

---

[3] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1338.  We have
jurisdiction under 28 U.S.C. § 1291.  We review de novo an order dismissing a complaint
for lack of personal jurisdiction.  O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 316
(3d Cir. 2007).  We review an order severing parties for misjoinder for abuse of
discretion.  Hagan v. Rogers, 570 F.3d 146, 152 (3d Cir. 2009).

under the Constitution of the United States.'" Id. (alteration in original) (quoting 42 Pa. Const. Stat. Ann. § 5322(b)). "Accordingly, . . . we ask whether, under the Due Process Clause, the defendant has 'certain minimum contacts with . . . [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Id. (omission and alteration in original) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

"Personal jurisdiction can be general or specific. General jurisdiction extends to all claims against a defendant and exists where a company is 'essentially at home.'" Hepp v. Facebook, 14 F.4th 204, 207 (3d Cir. 2021) (quoting Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct., 592 U.S. 351, 358 (2021)). "Because none of the [Defendants] are at home in Pennsylvania, we turn to the Supreme Court's specific jurisdiction doctrine, which extends only to particular claims." Id.

Specific jurisdiction has two elements: "First, there must be purposeful availment: minimum contacts with the forum state that show the defendant took a deliberate act reaching out to do business in that state. Second, the contacts must give rise to—or relate to—plaintiff's claims." Hepp, 14 F.4th at 207 (citation omitted). "For the contacts to satisfy the second [element], there must be 'a strong relationship among the defendant, the forum, and the litigation.'" Id. at 208 (quotation marks omitted) (quoting Ford, 592 U.S. at 365-66).

The District Court seemingly used an incomplete test to consider whether personal jurisdiction was alleged. Although the Court's Standing Order correctly states that "simply being an online seller on Amazon isn't enough," App. 4, it does not reflect that

5

jurisdiction may exist where a defendant deliberately reaches out to do business in the forum state, Hepp, 14 F.4th at 207; Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 454 (3d Cir. 2003).

Personal jurisdiction may exist here because Wood alleges that Defendants did more than operate as online sellers.  According to Wood, Defendants offered and continue to offer the infringing products for purchase by and delivery to Pennsylvania residents through online merchants.  Under our precedent, an internet-based defendant purposefully avails itself of a forum state by, for example, offering goods for sale and shipment to the state's residents.  Hasson v. FullStory, Inc., 114 F.4th 181, 193 (3d Cir. 2024) (concluding "[t]here is no doubt that [defendant] purposefully availed itself of the Pennsylvania market" by conducting business with residents and selling products to Pennsylvanians on its website); cf. Toys "R" Us, 318 F.3d at 454-55 (concluding defendant did not purposefully avail itself of the forum state because its websites "[did] not appear to have been designed or intended to reach customers in [the state]," and there was no record evidence that the defendants "knowingly conducted business with residents of [the state]").[4]  Here, Wood alleges that purchases and deliveries of infringing products occurred in Pennsylvania.

---

[4] Our precedent accords with our sister Circuits, who have ruled that an internet-based defendant purposefully avails itself of a forum state by offering products for sale and shipment to residents of the state.  See, e.g., American Girl, LLC v. Zembrka, 118 F.4th 271, 277-78 (2d Cir. 2024) (concluding purposeful availment of New York where defendant "accepted orders with New York shipping addresses, sent confirmatory emails with New York shipping addresses containing commitments to ship to those New York addresses, and accepted payments from a customer with a New York address"), cert. denied, 145 S. Ct. 1130 (2025); NBA Props. v. HANWJH, 46 F.4th 614, 624 (7th Cir.

Because it does not appear that the District Court considered this allegation, we will vacate the dismissal order and remand for the Court to examine (1) whether Wood sufficiently alleges that Defendants offered infringing products for sale in Pennsylvania, (2) whether he sufficiently alleges someone purchased infringing products for shipment to Pennsylvania, and (3) whether Wood's claim arises out of or relates to Defendants' contacts with Pennsylvania.[5]

B

Because the District Court did not explain why Wood's complaint was "[in]consistent with the Standing Order," App. 8, we cannot determine whether it also dismissed the complaint for failure to comply with the Standing Order's Joinder Guideline.

Rule 20 permits joinder of defendants in one action if (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," Fed. R. Civ. P. 20(a)(2)(A), and (2) "any question of law or fact common to all defendants will arise in the action," Fed. R. Civ. P. 20(a)(2)(B).  Although misjoinder is "not a ground for dismissing an action," a court may "on just terms, add or drop a party," or "sever any

---

2022) (concluding purposeful availment of Illinois where, "[t]hrough [its] online store, [defendant] unequivocally asserted a willingness to ship goods to Illinois and established the capacity to do so," and "[w]hen an order was placed, it filled the order, [and] intentionally shipp[ed] an infringing product to the customer's designated Illinois address").

[5] In light of the law cited herein, the District Court may wish to review its Standing Order.

claim against a party." Fed. R. Civ. P. 21. While Rule 20 grants a court "broad" and "discretionary" "authority with regard to joinder . . . [i]n exercising [this] discretion, [it] must provide a reasoned analysis that comports with the requirements of the Rule, and that is based on the specific fact pattern presented by the plaintiffs and claims before the court." Hagan v. Rogers, 570 F.3d 146, 157 (3d Cir. 2009); see also Avenatti v. Fox News Network LLC, 41 F.4th 125, 131 (3d Cir. 2022) ("A district court's Rule 21 authority is discretionary but not unlimited.").

The District Court may have only meant to sever the action for misjoinder, but the Court also sought from Plaintiff a proposed pleading. Because it did not explain why any misjoinder could not be cured by severance, there is no way to determine whether the failure to provide the proposed pleading led to the dismissal or if the Court dismissed based on joinder issues. As a result, we are unable to determine what informed the Court's exercise of discretion. Accordingly, vacatur is warranted on this ground as well. See Hagan, 570 F.3d at 152, 157.

III

For the foregoing reasons, we will vacate the order dismissing the complaint and remand for further proceedings consistent with this opinion.